IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANA ESTEFAN RODRIGUEZ FLORES, <br><br> Petitioner, <br><br> vs. <br><br> ESTELA DERR, WARDEN, <br><br> Respondent. | CIV. No. 23-00183 SOM-KJM <br><br> ORDER DENYING DIANA ESTEFAN RODRIGUEZ FLORES'S PETITION UNDER 28 U.S.C. § 2241 |

**ORDER DENYING DIANA ESTEFAN RODRIGUEZ FLORES'S PETITION UNDER 28 U.S.C. § 2241**

**I.      INTRODUCTION.**

Diana Estefan Rodriguez Flores ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming the warden of her facility, FDC Honolulu, as the Defendant.  *See* ECF No. 1.  She seeks an order directing the Bureau of Prisons ("BOP") to apply Earned Time Credits ("ETCs") under the First Step Act ("FSA") so that she is eligible for early transfer to prerelease custody.  *See id.*; *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The BOP contends that Petitioner failed to exhaust administrative remedies and that, alternatively, she is ineligible for ETCs because of her fentanyl conviction.  Concluding that Petitioner is ineligible for ETCs, this court denies the § 2241 petition.

**II.      BACKGROUND.**

Petitioner was sentenced to 68 months of imprisonment, 5 years of supervised release, and a $300 special assessment following her guilty plea with respect to counts one, two, and three of a Southern District of California Information charging her with importing methamphetamine, heroin, and N-Phenyl-N-[1-(2-phenylethly)-4-piperidinyl] ("fentanyl"). *See* Judgment in a Criminal Case, Case Number 3: 19-CR-04144-LAB, Doc. # 39, PageID # 114.

Petitioner, 23, is incarcerated at FDC Honolulu and has a projected release date of July 27, 2024. *See* https://www.bop.gov/inmateloc/ (input Register Number 87714-298) (last visited June 27, 2023). According to the BOP, Petitioner becomes eligible for home detention on January 27, 2024. *See* ECF No. 7-3, PageID # 35. Of course, that does not mean that Petitioner will be released to home detention on that date or at some other time. Absent any credits, her full term date would be May 28, 2025. *Id.*, PageID # 36. She is subject to an immigration detainer. *See id.*, PageID # 37.

On April 20, 2023, Petitioner filed this petition, seeking an order directing the BOP to apply ETCs such that she would be eligible for early transfer to prerelease custody. *See* ECF No. 1. Petitioner concedes that she did not administratively exhaust her claim, but argues that she should be relieved of the

2

exhaustion requirement because she attempted to obtain the proper form from the BOP but was not given it because she is subject to an immigration detainer.  *See* ECF N0. 9, PageID # 41.

### III.     ANALYSIS.

Section 2241 enables those in custody to "challenge the manner, location, or conditions of [their] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  It is a proper vehicle for challenging the BOP's calculation of an inmate's statutory release date.  *See*, *e.g.*, *Keegan v. Derr*, No. CV-22-00089, 2023 WL 2403941 (D. Haw. Mar. 8, 2023) (granting in part a § 2241 petitioner's request for recalculation of his statutory release date); *Walsh v. Boncher*, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) ("a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition" (quotation marks omitted)).

There is no statutory exhaustion requirement in § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  *See id*. Exhaustion is not a jurisdictional prerequisite and courts are able to waive it.  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  This court therefore has discretion to address the merits of an unexhausted § 2241 petition in the interest of justice.

3

*See Cuevas-Diaz v. Ashcroft*, 37 F. App'x 935, 940 (9ᵗʰ Cir. 2002).  Futility, irreparable harm, and the unavailability of administrative remedies are legitimate bases for waiving the exhaustion requirement.  *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9ᵗʰ Cir. 2010); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9ᵗʰ Cir. 2004).

Petitioner concedes that she failed to exhaust her administrative remedies before filing this petition.  *See* ECF No. 9, PageID # 41.  She argues that she should be excused from the prudential exhaustion requirement because she attempted to get the proper prison administrative remedies form, but was not provided it.  According to Petitioner, she was told that her submission of such a form would have been futile because she was ineligible for the relief she wanted given her immigration detainer.  *Id.*  Courts have waived the prudential exhaustion requirement when a prison official has refused to provide an inmate with the form necessary to file an administrative grievance, determining that the administrative process was unavailable.  *See Dale v. Lappin*, 376 F.3d 652, 656 (7ᵗʰ Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 738, 740 (8ᵗʰ Cir. 2001); *Untalan v. Derr*, 2023 WL 2868519, at *3 (D. Haw. Apr. 10, 2023); *Sallas v. Derr*, 2023 WL 2794793, at *3 (D. Haw. Apr. 5, 2023).

Rather than holding an evidentiary hearing to determine whether the court should waive the prudential exhaustion

4

requirement because a prison official allegedly made the prison remedies unavailable, the court denies the matter on the merits, as the exhaustion requirement is not jurisdictional. Under 18 U.S.C. § 3632(D)(4)(lxviii), prisoners are ineligible to receive ETCs for convictions with respect to importing "a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." Petitioner was convicted of importing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, making her ineligible for the requested ETCs. Thus, Petitioner is incorrect in arguing that time credits should be applied and that she should be released early to prerelease custody on September 26, 2023. As shown in the record, she is ineligible for ETCs. *See* ECF No. 7-4, PageID # 39.

Petitioner additionally appears to be arguing that the BOP is refusing to provide her with ETCs because she is subject to an immigration detainer. The court need not rule with respect to that argument because Petitioner is ineligible for ETCs given her fentanyl conviction.

**IV.     CONCLUSION.**

The court denies the petition brought under 28 U.S.C. § 2241. The Clerk of Court is directed to enter judgment for Respondent and to terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 28, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Diana Estifan Rodriguez Flores v. Derr,* CIV. No. 23-00183 SOM-KJM; ORDER DENYING DIANA ESTEFAN RODRIGUEZ FLORES'S PETITION UNDER 28 U.S.C. § 2241